UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PHYLLIS YANTIS                          CIVIL ACTION NO. 08-cv-0548

VERSUS                                  REFERRED TO:

U.S. COMMISSIONER SOCIAL                MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

Phyllis Yantis ("Plaintiff") filed an application for Supplemental Security Income alleging disability since 1985 due to asthma, bronchitis, and general breathing problems. Tr. 63. ALJ Leslie John Rodriguez conducted a hearing and issued a decision that applied the five-step sequential analysis. He found at step two that Plaintiff had medically determinable impairments of asthma, osteopenia, and status post-endometrial polyp, which were not individually or in combination severe within the meaning of the regulations. Accordingly, the claim for benefits was denied.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

Plaintiff's sole issue on appeal is an assertion that the ALJ did not conform his decision to the non-severity standard set forth in Stone v. Heckler, 752 F.2d 1099 (5th Cir. 1985). The regulations provide: "If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled." 20 C.F.R. § 416.920(c). See also § 416.921(a).

The Stone decision held that a literal application of the regulations would be inconsistent with the governing statutes. The Fifth Circuit held that an impairment "can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Stone, 752 F.2d at 1101. The Court warned that it would "in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give [the regulations] is used." Id. at 1106. "Unless the correct standard is used, the claim must be remanded to the [Commissioner] for reconsideration." Id. The requirement is still in place. Loza v. Apfel, 219 F.3d 378, 390-92 (5th Cir. 2000).

The ALJ's written decision sets forth a discussion of applicable law for each of the five steps of the analysis. At step two, the ALJ wrote, he must determine whether the claimant has a medically determinable impairment or combination of impairments that is

severe. He continued, writing that impairment or a combination would be severe "within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities." Tr. 14. This language is that found in the regulation. The very next sentence of the decision, however, reflects the Stone standard by stating that an impairment or combination is not severe when the evidence establishes "only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." Tr. 14. The ALJ cited Social Security Rulings 85-28, 96-3p, and 96-4p.

The ALJ then proceeded to apply the five steps. He made numbered findings of fact and conclusions of law. Some sections consist of only a bolded finding, such as the determinations that Plaintiff had not engaged in substantial gainful activity and that she suffers from medically determinable impairments: asthma, osteopenia, and status post-endometrial polyp. The third numbered finding is that Plaintiff "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments." Tr. 15. It is this statement that Plaintiff attacks on appeal.

The quoted statement operates much as a heading for that portion of the decision. The ALJ proceeds afterwards, in several paragraphs of non-bold text, to discuss the medical evidence and testimony that he relied on to reach that conclusion. He noted that Plaintiff has

a history of asthma, and in June 2006 she underwent a physical examination. Plaintiff reported that she had not received any medical attention since November 2004. She smoked a pack of cigarettes a day for the last 30 years, but on examination her lungs were unremarkable. Plaintiff did not have any shortness of breath or any abnormal breath sounds. The remainder of the examination, including a chest X-ray, was unremarkable. A 2007 pulmonary function study indicated that Plaintiff did not require a bronchodilator because the results of her test were at least 70% of the predicted. There was no evidence that Plaintiff had any asthmatic attacks since 2004 or that she had required any ongoing treatment for asthma. With respect to the polyp, medical records showed that it was treated successfully and without complication. As for the osteopenia, there was no evidence that a decrease in bone mass had caused any significant functional limitation.

After reviewing this medical evidence, and assessing Plaintiff's credibility, the ALJ found in the main text of his written decision that Plaintiff's "respiratory condition would no more than minimally affect her ability to perform work-related activities regardless of age, education or past relevant work experience." Tr. 18. The ALJ did not cite Stone directly, but he did meet the Stone standard, both in his general discussion of step two and his actual finding regarding Plaintiff's respiratory condition. He also made reference to Social Security rulings that discuss the impact of Stone and similar cases on step two. It is only natural that the ALJ might have also quoted the actual regulation before adding the Stone gloss. The undersigned finds that the ALJ did faithfully apply the correct Stone standard in his step two

analysis. The same conclusion was reached in a similar situation presented in <u>Stewart v. Astrue</u>, 2009 WL 187581, *3 (M.D. La. 2009). Furthermore, the evidence cited by the ALJ fully supports a determination under either standard that Plaintiff does not suffer from a severe impairment. Accordingly, a judgment will be entered affirming the Commissioner's decision.[1]

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of February, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff writes in footnote 2 of her brief that the ALJ did not include chronic bronchitis in the list of impairments although it appears in the record. Plaintiff makes no argument beyond this sentence, did not list this as an issue for appeal, and she does not cite any pages of the transcript in support. That is not a sufficient briefing of the issue to warrant exploration and discussion by the court. See <u>Procter & Gamble Co. v. Amway Corp.</u>, 376 F.3d 496, 499 n. 1 (5th Cir.2004) ("Failure adequately to brief an issue on appeal constitutes waiver of that argument.") and <u>U.S. v. Torres-Aguilar</u>, 352 F.3d 934, 936 n. 2 (5th Cir.2003) (argument deemed abandoned by appellant "only briefly mentioning it in a footnote of his opening brief without providing any legal citation or analysis").